Mark Brnovich
Attorney General
Firm State Bar No. 14000

Matthew A. Silverman
Assistant Attorney General
AZ Bar No. 018919
Office of the Attorney General
2005 North Central Avenue
Phoenix, Arizona 85004-1592
Telephone: (602) 542-7774
Facsimile: (602) 542-4273
Email: Matthew.Silverman@azag.gov
Attorneys for the State of Arizona
 *ex rel*. Arizona Department of Revenue

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| MICHAEL SMITH<br>SSN: XXX-XX-7371 | Case No. 2:21-bk-00532-MCW |
| STEPHANIE SMITH,<br>SSN: XXX-XX-7010 | **OBJECTION TO CONFIRMATION OF ORIGINAL CHAPTER 13 PLAN** |
| Debtors. | Docket No. 13 |

The State of Arizona *ex rel.* Arizona Department of Revenue ("Department") objects to the *Original Chapter 13 Plan* ("Plan") filed by Michael Smith and Stephanie Smith ("Debtors") on February 9, 2021, as follows:

1. The Department is the agency empowered and entitled to enforce Arizona tax laws and regulations, including but not limited to individual income taxes. A.R.S. § 43-208.

2. The Debtors are individuals residing in the State of Arizona and upon information and belief are required to file and pay certain tax liabilities to the Department, including individual BCE20-01713

income taxes. *See* A.R.S. §§ 43-301, 43-501.

3. The Department filed a proof of claim establishing a priority claim in the amount of $7,250.92, and a general unsecured claim in the amount of $228.28. A true and accurate copy of the Department's Proof of Claim ("Claim") dated February 5, 2021 is No. 7-1 on the Court's Claims Register. In addition, the Department's Claim indicates that the Debtor is not current with the filing of all prepetition tax returns. As of today, the following returns remain unfiled ("Outstanding Returns"):

| <u>Income</u> | 2014, 2020 |
|---|---|
| <u>TPT</u> | Not Applicable |
| <u>WTH</u> | Not Applicable |

4. As indicated in the Department's Claim, the Debtors have failed to file all tax returns as required by 11 U.S.C. § 1308. Failure of the Debtors to file the Outstanding Returns constitutes cause to convert or dismiss the case. *See* 11 U.S.C. § 1307(e), Local Rule of Bankruptcy Procedure 2084-5. Moreover, the Plan cannot be confirmed until such time that the Debtors file the Outstanding Returns. 11 U.S.C. § 1325(a)(9). Signed, dated, and non-redacted copies of the returns with all federal form W-2s and Federal Schedule A, as applicable, may be sent to Michelle.Schlosser@azag.gov, which the Department will accept as filed on the date that they are received by the Attorney General's Office.

5. The Department's Claim is entitled to priority treatment pursuant to 11 U.S.C. § 507(a)(8)(A). The Plan is required to provide payment in full of all priority claims, unless the

2

claimant agrees otherwise. 11 U.S.C. § 1322(a)(2). Here, the Department has not agreed to different treatment than what Section 1322 requires and the Plan does not provide for the full payment of the Department's priority claim. Therefore, the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1).

6. The Department's Claim consists of liabilities that were either: (1) filed late and within two years of the current bankruptcy; or (2) filed after the commencement of this bankruptcy. These obligations are non-dischargeable under the "Two Year Rule" and the Department requests that language be included within an order of confirmation to clarify as much. 11 U.S.C. §§ 523(a)(1)(B)(ii), 1328(a)(2), *In re Savaria*, 317 B.R. 395 (B.A.P. 9th Cir. 2004). The Department suggests the following:

> To the extent that the Arizona Department of Revenue's non-dischargeable liabilities are not paid in full through pro rata distributions under the Debtors' Plan or through direct payments outside of the plan, the unpaid balance along with postpetition and post-confirmation interest shall **not** be discharged in accordance with 11 U.S.C. §§ 523(a)(1)(B)(ii) and 1328(a).

7. The Department reserves the right to amend, supplement, or withdraw its objection to confirmation.

## Conclusion

Any Chapter 13 plan proposed by the Debtors must provide for and eliminate the objections specified herein in order to be reasonable and to comply with applicable provisions of 11 U.S.C. § 1325. Since the Plan, as it is currently proposed, does not comply with 11 U.S.C. § 1325, the Plan cannot be confirmed.

WHEREFORE, the Department prays as follows:

1. That Confirmation of the proposed Chapter 13 Plan be denied, or in the

3

alternative, that the Plan be amended or modified to remedy the Department's objections herein;

    2.    That failure of the Debtors to amend or modify the Plan to conform with the Bankruptcy Code in a reasonable time, that the Court dismiss or convert this case to a Chapter 7; and

    3.    For such other and further relief as this Court deems proper.

RESPECTFULLY SUBMITTED this 24th day of March, 2021.

MARK BRNOVICH
Attorney General

_____

Matthew A. Silverman
Assistant Attorney General
Attorney for the State of Arizona
 *ex rel.* Arizona Department of Revenue

4

1. ORIGINAL of the foregoing filed electronically this 24th day of March, 2021 with:

2. United States Bankruptcy Court
3. District of Arizona

4. COPY of the foregoing sent by U.S. Mail or by email* this 24th day of March, 2021 to:

5. Lashawn D. Jenkins*
6. Jenkins Law Firm
   4020 N 20th St, Suite 100
7. Phoenix, AZ 85016
   lashawn.jenkins@thejenkinslawfirm.com
8. *Attorney for Debtors*

9.
   Russell A. Brown*
10. Chapter 13 Trustee
    3838 North Central Avenue, Suite 800
11. Phoenix, AZ 85012-1965
    mail@ch13bk.com
12. *Chapter 13 Trustee*

13.
   _____
14. Michelle Schlosser